UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

VERNON D. THOMAS,          )
                           )
         Plaintiff,        )
                           )
    vs.                    )
                           ) No. 1:13-cv-00588-JMS-DML
KROGER,                    )
                           )
         Defendant.        )

**ENTRY GRANTING SUMMARY JUDGMENT AND DISMISSING ACTION**

**I.**
**MOTION FOR SUMMARY JUDGMENT**

Presently pending before the Court is a Motion for Summary Judgment filed by Defendant Kroger in this employment discrimination action brought by *pro se* Plaintiff Vernon Thomas. Although Kroger provided Mr. Thomas the requisite notice of his right to respond and submit evidence pursuant to Local Rule 56-1(k), [dkt. 25], Mr. Thomas did not respond to Kroger's motion, and the deadline for doing so has passed. The Court may therefore summarily rule on Kroger's motion pursuant to Local Rule 7-1(c)(4) and relevant precedent, as Mr. Thomas's silence results in waiver of any argument that is in opposition to Kroger's motion. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument – as [Mr. Thomas has] done here – results in waiver"); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) (affirming the district court's dismissal of three claims as waived because the party "failed to present evidence or argument in favor of them," and stating "[t]hey also failed to respond to the City's arguments against these claims in their reply to the

1

City's motion to dismiss. Because they did not provide the district court with any basis to decide their claims, and did not respond to the City's arguments, these claims are waived").

Furthermore, Mr. Thomas's lack of response also means that he concedes Kroger's version of events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also Wackett v. City of Beaver Dam*, 642 F.3d 578, 582 n.1 (7th Cir. 2011). The Court continues to apply the below articulated summary judgment standard, but Mr. Thomas's failure to comply with the Local Rules in this respect "reduc[es] the pool" from which the facts and inferences may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Finally, as discussed more fully in Part II below, Mr. Thomas failed to respond to discovery requests by Kroger, despite a court order compelling him to do so. Those requests include various requests for admission, which are now deemed admitted and are part of the record.

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters

stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*,

325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

The undisputed facts supported by admissible evidence as submitted by Kroger establish the following:

> Mr. Thomas was previously employed by Kroger and "was discharged on December 15, 2012 for not having [his] shirt tucked in and being insubordinate." On January 4, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). His sole claim was that his termination was based on race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). He did not claim a violation of the Americans with Disabilities Act, the Rehabilitation Act or make any claim of harassment. Mr. Thomas was not meeting Kroger's legitimate job expectations prior to his termination. There is no similarly situated employee who was treated more favorably than he was. Mr. Thomas was terminated for a legitimate non-discriminatory, non-retaliatory reason that was free of pretext. That is, his manager asked him to tuck in his shirt, and Mr. Thomas refused. Mr. Thomas was not subject to harassment while employed at Kroger. He did not consider his work environment to be hostile or abusive.

As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) (citing *Cheek v. Western & Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994) (other citations omitted)); *see also Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination"). This general rule bars any claim that Mr. Thomas may have sought to raise beyond race discrimination, the only claim raised in his EEOC charge. Accordingly, the claims he attempted to bring under the Americans with Disabilities Act, the Rehabilitation Act, or for harassment cannot be maintained. Kroger is entitled to summary judgment on those claims.

As for Mr. Thomas's race discrimination claim, it fares no better. There is no direct evidence of race discrimination. Likewise, there is no evidence to support a claim under the indirect method of proof, where Mr. Thomas must produce evidence that: "(1) []he is a member of a protected class; (2) []he was performing [his] job satisfactorily; (3) []he suffered an adverse employment action; and (4) similarly situated employees outside of [his] protected class were treated more favorably." *Goodwin v. Bd. of Trustees of Univ. of Ill.*, 442 F.3d 611, 617 (7th Cir. 2006). To the contrary, Mr. Thomas has admitted he was not meeting Kroger's legitimate expectations; there is no similarly situated employee who was treated more favorably than he was; and he was terminated for a legitimate non-discriminatory, non-retaliatory reason that was free of pretext: insubordination. Accordingly, Kroger is entitled summary judgment on Mr. Thomas's race discrimination claim as well.

## II.
### FAILURE TO PROSECUTE

As an alternative to summary judgment, the Court has already noted that Mr. Thomas has been non-compliant with his discovery obligations. He has also disregarded several Court orders, failing to comply with an order compelling him to respond to discovery, [dkt. 19], failing to appear for a scheduled status conference, [dkt. 22], and failing to respond to the Court's show cause order following his failure to appear, [dkt. 29]. In that order, the Court advised that sanctions, including dismissal could be imposed if Mr. Thomas failed to explain his non-compliance by January 31, 2014. [Dkt. 29.] Mr. Thomas did not respond to the show cause order. The Court concludes he has abandoned this action and finds the sanction of dismissal would be appropriate in this case if not for the entry of summary judgment. Fed. R. Civ. P. 37(b)(2), (c)(1)(C); *see also, Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962) ("The

authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-1199 (7th Cir. 1993) ("[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible") (quotation omitted).

## III.
### CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** Kroger's Motion for Summary Judgment, [dkt. 23]. Judgment will issue accordingly.

02/12/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail**:

VERNON D THOMAS
5713 W. Ray St.
Apt A
Indianapolis, IN 46241

**Distribution via ECF**:

Jason Thomas Clagg
BARNES & THORNBURG
jason.clagg@btlaw.com

Jennifer Rae Tudor
BARNES & THORNBURG LLP
jennifer.tudor@btlaw.com